FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JUN 2 5 2010

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAYNA D. STAGGS, *et al.*     *

      Plaintiffs,     *

v.     *     Civil No. **PJM 08-0728**

KANYE WEST, *et al.*     *

      Defendants.     *

## MEMORANDUM OPINION

*Pro se* Plaintiff Dayna Staggs has sued Defendants The Island Def Jam Music Group, Universal Music Group, and Vivendi, SA, (hereinafter "Defendants"), alleging that Defendants' song "Good Life" infringes a claimed copyright on Staggs's Song "Volume of the Good Life" as well as a recording of that song. The Court has already dismissed Staggs's copyright claim as to the musical composition [Paper No. 89], but left open the question of whether Staggs has sufficiently alleged and demonstrated that Defendants infringed his claimed copyright to the recording of the song.

Defendants have filed a Motion to Dismiss [Paper No. 92], arguing that Staggs has failed to state a claim upon which relief can be granted in that he has neither pled nor shown that he registered the recording pursuant to Section 411(a) of the Copyright Act. *See* 17 U.S.C. § 411(a). The Court will **GRANT** Defendants' Motion to Dismiss [Paper No. 92] with Prejudice.

Staggs has made numerous other submissions to the Court, including: (1) a request that the Court strike Defendants' Reply Brief in further support of its Motion to Dismiss [Paper No. 96]; (2) two submissions seeking the Court's direction with regard to allegations that the

1

potential NBC-Comcast merger is an attempt by Defendants to avoid this litigation [Paper No. 98 and Paper No. 99]; (3) a request that the Court issue a ten year stay of all proceedings [Paper No. 100]; (4) a Motion to Strike Defendants' Motion for Sanctions and seeking leave to file a Partial Summary Judgment Motion [Paper No. 103]; and (5) a Motion for leave to file supplemental briefing in response to Defendants' Motion for Sanctions and Motion to Dismiss [Paper No. 107]. Defendants oppose all these requests and, for their part, have filed a Motion for Sanctions against Staggs for allegedly misrepresenting an Order of the Court [Paper No. 101]. The Court will **DENY** all of Staggs's outstanding motions and requests and also **DENY** Defendants' Motion for Sanctions.

### I.

Staggs submits that he is the author of the music and lyrics of a musical composition entitled "Volume of the Good Life" ("Staggs' Song"). He says he recorded the song at the MTV studio in Frankfurt, Germany and that the recording was released by Pallas Records GmbH in 1984. He says that on November 17, 1986, he registered his song with the "Registrar [sic] of Copyrights" [presumably the "Register of Copyrights"]. The Certificate of Registration bears the number PAU 330 301. He claims that in or about late 2003, he created a MySpace page on the Internet with a link to his personal website, dmystro.com (named for his musical performance name "Dmystro"). Staggs says he placed several of his songs—including *Volume of the Good Life*—on his website that could be accessed and downloaded by any visitor to his MySpace page or the dmystro.com website.

Staggs alleges that the musical composition entitled "Good Life" ("West's Song"), which was recorded by entertainer Kanye West and released by Island Def Jam on West's multi-Grammy-award winning album entitled "Graduation" in 2001, infringes Staggs' copyright on his

2

song and also Staggs' recording of the song. Staggs alleges that the key sound and memorable melody from West's *Good Life*—"Welcome to the good life"—is virtually identical to the chorus "Volume of the good life" in Staggs's Song *Volume of the Good Life*. Staggs also claims that West's Song contains a second verse ("Now throw ya' hands up in the sky") that is virtually identical to one ("Hold your head up high") in Staggs' Song.

Staggs originally filed this suit *pro se*. After the Court stayed the time for service of process to allow him to amend his Complaint and complete the appropriate forms for service of process, an attorney entered an appearance on his behalf. The attorney then filed a motion for leave to file a Second Amended Complaint, which the Court granted. Thereafter, the attorney withdrew from the case and the Court granted Staggs until October 31, 2008 to complete service of process and engage new counsel. No new counsel entered the case. While Staggs was able to serve some of the Defendants named, he did so with varying versions of the Complaint. The Court subsequently determined that the Second Amended Complaint filed by Staggs' former counsel would be the operative Complaint in the case. Further, the Court found that service had only been made on Universal Music Group, Vivendi SA, and The Island Def Jam Music Group, and dismissed the remaining Defendants from the case without prejudice.

On January 12, 2009, the Defendants who had been served filed a Motion to Dismiss the Second Amended Complaint. On August 14, 2009 the Court issued an Order granting the Motion as to Staggs' claim of copyright infringement of the musical composition of his song, finding no substantial similarity between the compositions of the two songs, but denied the Motion as to the claim of copyright infringement as to the sound recording.

On September 14, 2009, Defendants filed a Second Motion to Dismiss relative to the claim of infringement as to the sound recording, the Motion currently before the Court. Despite

several warnings from the Court, Staggs has continued to make numerous extraneous filings, all of which are also before the Court, as is Defendants' Motion for Sanctions.

## II.

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In making its determination, the court must consider all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Per § 411(a) of the Copyright Act "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010). The Supreme Court has recently noted that "[Section 411(a)] establishe[s] a condition -copyright registration- that plaintiffs ordinarily must satisfy *before* filing an infringement claim and invoking the Act's remedial provisions." *Muchnick*, 130 S. Ct. at 1242 (emphasis added). However, "§ 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id.* at 1241. Accordingly, while the bar to a federal court's ability to hear such infringement claims is not jurisdictional, the Supreme Court nevertheless has acknowledged that § 411(a) imposes the statutory precondition that a copyright must be registered before the copyright infringement claim is filed.

### III.

Defendants' Motion to Dismiss was filed before the *Muchnick* decision and sought to have the case dismissed on jurisdictional grounds pursuant to Rule 12(b)(1). However, Defendants have since asked the Court to treat its Motion as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted in the wake of the Supreme Court's decision that § 411(a)'s precondition of registration is not jurisdictional. *Muchnick*, 130 S. Ct. at 1241. They argue that *Muchnick* did not disturb §411(a)'s statutory prerequisite of registration before a plaintiff may file a copyright infringement action, and that, because Staggs has neither alleged nor produced such registration as to his sound recording, his claim as to the recording must be dismissed.

Staggs's response is largely incomprehensible and, insofar as the Court can tell, fails to directly respond to Defendants' arguments. He continues to assert that he has a valid copyright in his *musical composition* and that that meets §411(a)'s statutory prerequisite for filing suit. To the extent that Staggs addresses the statutory prerequisite that a copyright in his *sound recording* must be registered before suit may proceed, he supplies only an unsigned letter from the Copyright Office, which states that "this Letter is only intended to show that the material described was received in the copyright office on the date first submitted."[1]

### IV.

The Court agrees that Staggs has failed to allege or demonstrate that he has a valid copyright registration for his sound recording. His repeated claim that his sound recording is protected by a valid copyright is not tantamount to alleging and proving the existence of a valid copyright registration. He has produced no documentation suggesting that such a registration

---

[1] Although Staggs does not discuss the letter in his pleadings, it is included among his submissions at Paper No. 94.

actually exists. Nor has he refuted the fact that online records of the United States Copyright Office contain no registration in his favor as to the sound recording.

Because he has failed to allege or demonstrate the existence of a valid copyright registration in the recording, Staggs has failed to meet § 411 (a)'s statutory prerequisite and cannot maintain his infringement claim. *See Glynn Interactive, Inc. v. iTelehealth, Inc* No. 03-0449, 2004 WL 439236, at *4 (D. Md. March 9, 2004). ("The Copyright Act requires the registration of a copyright before filing an action for copyright infringement.").

As a result, he has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and, Defendants' Motion to Dismiss will be **GRANTED**.

V.

Staggs has submitted numerous other papers to the Court as detailed in the first part of this Opinion. The Court has reviewed these submissions and has determined that they are irrelevant to the issues in the case. These Motions and requests are **DENIED** *en toto*.

Finally, Defendants seek sanctions against Staggs for allegedly misrepresenting an Order of this Court [Paper No. 101], in that he has purportedly contacted third parties in an attempt to divert to himself royalties due to Defendants in connection with West's Song. While these contacts by Staggs may have been ill-advised, it does not appear that Defendants have suffered any harm or prejudice as a result of them as yet. Accordingly, the Defendants' Motion for Sanctions is **DENIED**. That said, Staggs is CAUTIONED that any further interference with royalties or other emoluments due to Defendants in connection with West's Song may expose him to separate litigation in which Defendants may obtain injunctive relief, contempt findings, and monetary damages.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 24, 2010